UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
R. ALEXANDER ACOSTA, Secretary of Labor,   :
United States Department of Labor,

                                              :       Civil File No.
                             Plaintiff,

                                              :

        v.

                                              :       **COMPLAINT**

JEFFREY BRATCHER; SARAH BRATCHER;
GLOBAL TRADEQUEST, INC. dba         :
BUYQUEST, INC.; and the GLOBAL
TRADEQUEST 401(k) PSP & TRUST,       :

                               Defendants.   :
-----------------------------------------------------------------

      R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

<u>**JURISDICTION AND VENUE**</u>

      1.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is brought by the Secretary under ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132 (a)(2) and (5), to obtain relief for breaches of fiduciary duty under ERISA § 409, to enjoin acts and practices which violate the provisions of Title I of ERISA, and to obtain other appropriate equitable and injunctive relief to redress violations and enforce provisions of Title I of ERISA.

      2.     The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

      3.     Venue of this action lies in the Western District of New York pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches took place in the Western District of New York.

## PARTIES

4.      Pursuant to §§ 502 (a)(2) and (5) of ERISA, the Secretary has authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and other parties who are in violation of ERISA.

5.      At all relevant times herein, defendant Global Tradequest 401(k) PSP & Trust, (the "Plan"), was an employee benefit plan within the meaning of ERISA §§ 3(2) and (3), 29 U.S.C. § 1002(2) and (3), and is covered by Title I of ERISA pursuant to ERISA § 4(a)(1).  The Plan was sponsored by defendant Global Tradequest, Inc. d/b/a/ Buyquest, Inc. ("Global Tradequest"), an employer of employees covered by the Plan, which maintained its principal place of business at 1 Fitzmont Glen, Pittsford, NY 14534.  The Plan is named as a defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure to assure that complete relief can be granted.

6.      At all relevant times, Global Tradequest was the Plan Administrator, and thus, a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

7.      At all relevant times, defendant Jeffrey Bratcher was the President, sole corporate office, and sole owner of Global Tradequest.

8.      At all relevant times, Jeffrey Bratcher exercised discretionary authority or discretionary control respecting the management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets, and/or had discretionary authority or discretionary responsibility in the administration of the Plan, and thus, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

9.      At all relevant times, defendant Sarah Bratcher was the General Manager of Global Tradequest.

10.     At all relevant times, Sarah Bratcher exercised discretionary authority or discretionary control respecting the management of the Plan, exercised authority or control respecting management or disposition of the Plan's assets, and/or had discretionary authority or discretionary responsibility in the administration of the Plan, and thus, was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

11.     At all relevant times, Sarah Bratcher was the designated Limited Trustee of the Plan, and thus, was a fiduciary within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

## FACTUAL ALLEGATIONS

12.     Pursuant to the documents governing the Plan, participating employees would contribute to their individual accounts within the Plan by means of payroll deductions (the "Employee Contributions").

13.     Pursuant to the documents governing the Plan, defendants Global Tradequest and Sarah Bratcher were required to deposit the Employee Contributions of each participant into his or her respective accounts within the Plan.

14.     Participating employees of the Plan could also apply for a loan from the Plan, and were required to repay the Plan, with interest, pursuant to a definite repayment period (the "Loan Repayments").

15.     Between November 16, 2014 and February 16, 2017, defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher withheld the employees' contributions from their wages but failed to deposit at least $23,612.19 in Employee Contributions and Loan Repayments (the "Unforwarded Employee Contributions") into the Plan.

16.     Upon information and belief, the Unforwarded Employee Contributions were not segregated from defendant Global Tradequest's general assets.

17.     By reason of the defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher's failure to forward the Unforwarded Employee Contributions, the Plan's participants lost the opportunity to realize reasonable interest and an effective rate of return for those sums in the amount of at least $872.28.

## **VIOLATIONS**

18.     By the conduct described in paragraphs 10-17 above, defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher allowed the assets of the Plan to inure to the benefit of Global Tradequest, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

19.     By the conduct described in paragraphs 10-17 above, defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher failed to administer the Plan's assets for the exclusive purpose of providing benefits to the Plan's participants and beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

20.     By the conduct described in paragraphs 10-17 above, defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher failed to administer the Plan's assets with the care, skill and diligence that a prudent fiduciary would have used in like circumstances, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

21.     By the conduct described in paragraphs 10-17 above, defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher failed to discharge their fiduciary duties to the Plan in accordance with the documents and instruments governing the Plan, insofar as said documents are consistent with the provisions of ERISA, in violation of ERISA § 404 (a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

22.     By the conduct described in paragraphs 10-17 above, defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher caused the Plan to enter into transactions which they knew or should have known constituted a direct or indirect transfer to or use by or for the benefit of a party-in-interest of Plan assets, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

23.     By the conduct described in paragraphs 10-17 above, defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher dealt with assets of the Plan in their own interest and/or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

24.     By the conduct described in paragraphs 10-17 above, defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher acted in transactions involving the Plan on behalf of a party (or represented a party) whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

25.     The breaches of fiduciary duty committed by defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher caused a loss to the Plan and to the Plan participants who lost money due to defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher's failure to deposit Employee Contributions and Loan Repayments into the Plan that were deducted from employees' salaries.

**PRAYER FOR RELIEF**

WHEREFORE, the Secretary requests that the Court enter an Order:

1.  Permanently enjoining defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher from violating ERISA §§ 404 and 406, 29 U.S.C. §§ 1104 and 1106;

2.  Permanently enjoining defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher from serving as fiduciaries or service providers to any employee pension benefit plan or employee benefit plan covered by the provisions of ERISA;

3.  Ordering defendants Global Tradequest, Jeffrey Bratcher, Sarah Bratcher, the Plan, and their agents, employees, service providers, banks, accountants, and attorneys to preserve and provide the Secretary all of the books, documents, and records relating to the finances and administration of Global Tradequest and the Plan;

4.  Ordering defendants Global Tradequest, Jeffrey Bratcher, and Sarah Bratcher to restore all losses, plus interest and/or lost opportunity earnings, incurred by the Plan as a result of their violations of ERISA;

5.  Removing defendant Sarah Bratcher as Limited Trustee of the Plan;

6.  Appointing an independent fiduciary for the Plan with plenary authority and control over the Plan, including but not limited to, the authority to marshal assets on behalf of the Plan, pursue claims on behalf of the Plan, receive and distribute any restitution paid pursuant to the judgment in this case, and, if necessary, terminate the Plan; and

7.      Providing such other appropriate relief as is equitable and just.

DATED:      January 5, 2018
            New York, NY

                                    Respectfully submitted,

                                    NICHOLAS C. GEALE
                                    Acting Solicitor of Labor

                                    JEFFREY S. ROGOFF
                                    Regional Solicitor

                                    /s Orly S. Godfrey
                                    ORLY S. GODFREY
                                    Attorney

                                    U.S. Department of Labor,
                                    Attorneys for R. ALEXANDER ACOSTA,
                                    Secretary of Labor, Plaintiff

                                    U.S. Department of Labor
                                    Office of the Regional Solicitor
                                    201 Varick Street, Room 983
                                    New York, NY 10014
                                    (646) 264-3656
                                    (646) 264-3660 (fax)
                                    Godfrey.Orly@dol.gov
                                    NY-SOL-ECF@dol.gov